UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN GODDARD and ERIC SMITH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JUBILANT HOLLISTERSTIER, LLC, a Delaware corporation, d/b/a Hollister-Stier Laboratories, LLC,<br><br>Defendant. | NO. 2:23-CV-0004-TOR<br><br>ORDER GRANTING MOTION FOR REMAND |

BEFORE THE COURT is Plaintiffs' Motion for Remand (ECF No. 6). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiffs' Motion for Remand (ECF No. 6) is **granted**.

## BACKGROUND

This putative class action concerns employment disputes at a pharmaceutical manufacturing plant in Spokane County, Washington. *See* ECF No. 1-1. On June

ORDER GRANTING MOTION FOR REMAND ~ 1

19, 2020, Plaintiffs filed suit in the Superior Court of Washington for Spokane County. *Id.* at 1. On December 23, 2022, Plaintiffs served Defendant with a Motion to Certify Class Action, which Defendants assert proffered for the first time sufficient facts from which Defendant could determine the amount in controversy. ECF 1 at 3, ¶¶ 2–3.

On January 5, 2023, Defendant removed the case to this Court. ECF No. 1. Defendant removed under the Class Action Fairness Act ("CAFA"). ECF No. 1 at 2, ¶ 1. Defendant alleges (1) at least one Plaintiff is a citizen of a different state than Defendant, who is a Delaware company with a principle place of business in Pennsylvania, (2) the number of alleged class members exceeds 100 members, and (3) the aggregate amount in controversy exceeds $5,000,000 exclusive of costs and interests.

On February 3, 2023, Plaintiffs filed the instant Motion for Remand. ECF No. 6. The parties timely filed their respective response and reply. ECF Nos. 8, 12. The parties dispute whether diversity jurisdiction is established and whether Defendant's removal was timely. *See generally id.*

## DISCUSSION

### I. Removal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action from state to federal court only if the federal court has original subject matter

jurisdiction over the action. "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). Diversity jurisdiction exists when the matter in controversy is between "citizens of different States." 28 U.S.C. § 1332(a).

Removal must be made within 30 days after service of a pleading, motion, or other paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also Jordan v. Nationstar Mortgage LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) ("A case becomes 'removable' for purposes of section 1446 when the CAFA ground for removal is disclosed.").

**II. CAFA Jurisdiction**

Under CAFA, a class action may be removed if the amount in controversy exceeds $5 million, the proposed class consists of more than 100 members, and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). As a result, CAFA "abandons the complete diversity rule for covered class actions" in exchange for a minimal diversity standard. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) (citation omitted).

Generally, courts have found that limited liability companies are "unincorporated associations" for purposes of CAFA. *See Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021) (collecting cases). "[A[n unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). An entity's citizenship is dual, not alternative, and both must be considered in assessing minimal diversity. *See Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1345 (11th Cir. 2017); *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 957 (6th Cir. 2017); *Johnson v. Advance Am.*, 549 F.3d 932, 936 (4th Cir. 2008). As a result, minimal diversity is not met if the sole defendant's dual citizenship includes the same citizenship as the plaintiff.

In determining an entity's principal place of business, courts apply the "nerve center" test, which considers where an entity's "officers direct, control, and coordinate the [entity's] activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). The principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination[.]" *Id.* at 93. The burden in establishing diversity jurisdiction is on the party asserting it. *Id.* at 96.

The Court finds that Defendant, as a limited liability company, is an "unincorporated association" under CAFA whose dual citizenship is determined by

ORDER GRANTING MOTION FOR REMAND ~ 4

location of the principle place of business and location under whose laws it is organized. 28 U.S.C. § 1332(d)(10). Defendant asserts it is a limited liability company formed in the State of Delaware with corporate headquarters in Yardley, Pennsylvania. ECF Nos. 1 at 2, ¶ 1; 10 at 2, ¶¶ 4–5. In support of the principal place of business, Defendant asserts that the parent company, Jubilant Pharma, "provides ultimate direction, control, and strategy for the business activities of [Defendant], including governing oversight of [Defendant's] local administration, management, and operations" out of Pennsylvania. ECF No. 10 at 3, ¶ 8. Defendant alleges that the administrators in Spokane who perform the day-to-day operational oversight of the business "ultimately report to Jubilant Pharma's CEO". *Id.*, ¶ 9.

      However, Plaintiffs contend that Defendant cannot solely rely on the location and activities of its parent company. ECF Nos. 6, 12. While the burden remains on Defendant, Plaintiffs allege Defendant operates a facility in Washington, maintains a separate company entity from Jubilant Pharma, is registered with the Washington Secretary of State which lists the office mailing address, registered agent, Governor identity and location in Washington, and many of the higher-level management employees are located in Spokane, according to Defendant's organizational chart. ECF Nos. 6 at 10–11; 12 at 6–7.

Defendant has provided no information beyond conclusory allegations that Defendant is ultimately controlled by its parent company out of Pennsylvania. In contrast, Plaintiffs listed various operations and connections in Washington by Defendant, who is a separate entity from the parent company. Defendant has failed to carry its burden in establishing that Pennsylvania is its principal place of business, i.e. the nerve center or actual center of direction, control, and coordination. *Hertz,* 559 U.S. at 93. Because the Court cannot determine that Defendant's principal place of business is diverse from Plaintiffs' Washington citizenship, Defendant failed to meet its burden in establishing minimal diversity jurisdiction. As this finding is dispositive to remand, the Court declines to reach the remaining arguments as to timeliness. Plaintiffs' Motion to Remand is granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Remand (ECF No. 6) is **GRANTED**.

2. This action is **REMANDED** to Spokane County Superior Court.

3. Each party to bear their own costs and fees.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **CLOSE** the file.

DATED April 20, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION FOR REMAND ~ 6