UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN GODDARD and ERIC SMITH, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JUBILANT HOLLISTERSTIER, LLC, a Delaware corporation, d/b/a Hollister-Stier Laboratories, LLC,<br><br>Defendant. | NO. 2:23-CV-0004-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Defendant's Motion for Reconsideration of Remand (ECF No. 15). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing and is fully informed. For the reasons discussed below, Defendant's Motion for Reconsideration (ECF No. 15) is **denied**.

//

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1

## BACKGROUND

This putative class action concerns disputes at a pharmaceutical manufacturing facility in Spokane County, Washington. See ECF No. 1-1. On June 19, 2020, Plaintiffs filed suit in the Superior Court of Washington for Spokane County. Id. at 1. On January 5, 2023, Defendant removed under the Class Action Fairness Act ("CAFA"). ECF No. 1 at 2, ¶ 1. Defendant alleged (1) at least one Plaintiff is a citizen of a different state than Defendant, which is a Delaware company with a principal place of business in Pennsylvania, (2) the number of alleged class members exceeds 100 members, and (3) the aggregate amount in controversy exceeds $5,000,000 exclusive of costs and interests. 28 U.S.C. § 1332(d).

On February 3, 2023, Plaintiffs filed a Motion for Remand. ECF No. 6. The Court granted the Motion and remanded to the Spokane County Superior Court on April 20, 2023, finding that Defendant failed to meet its burden in establishing minimal diversity jurisdiction per 28 U.S.C. § 1332(d)(2)(A). See ECF No. 14.

Defendant filed a Motion for Reconsideration of Remand on April 28, 2023. ECF No. 15.

## DISCUSSION

The Court lacks the ability to reconsider remand under 28 U.S.C. § 1447. Section 1447(c) mandates that a court lacking subject matter jurisdiction remand

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 2

the case to state court.  Section 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The CAFA makes an exception to § 1447(d) for appellate jurisdiction over remand order of class action removal. 28 U.S.C. § 1453(c).[1] However, the Ninth Circuit maintains that a remand order based on a lack of subject matter jurisdiction after both parties have had the opportunity to be fully heard is not reviewable by the district court which issued the order.  *See Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068–70 (9th Cir. 2021); *see also RSA-Tumon, LLC v. Philips,* No. 21-16185, 2022 WL 2800819, at *1 (9th Cir. July 18, 2022) (citing *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir.1988) (extending the prohibition of the review of remand orders to the district court)).

---

[1]   Plaintiff cites 28 U.S.C. § 1453(c) in response to motion for reconsideration. *See* ECF No. 17 at 2. The CAFA makes an exception to § 1447(d) for appellate jurisdiction over review of a remand order but does not mention district court jurisdiction over remand orders. 28 U.S.C. § 1453(c)(1); *see also Hender v. Am. Directions Workforce LLC*, No. 219CV01951KJMDMC, 2021 WL 2577030, at *2 (E.D. Cal. June 23, 2021) (finding that a district court lacks the ability to reconsider a remand order).

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 3

The Court remanded this case based on a lack of subject matter jurisdiction as it did not find the parties to be diverse after both parties had an opportunity to present evidence. *See* ECF No. 14 at 6. Therefore, the Court's decision to remand to the Spokane County Superior Court is upheld.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration (ECF No. 15) is **DENIED**.

2. Defendant's Request for Stay (ECF No. 15) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The case remains CLOSED.

**DATED** August 24, 2023.



THOMAS O. RICE
United States District Judge